People v Williams (2024 NY Slip Op 01683)

People v Williams

2024 NY Slip Op 01683

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 314/20 Appeal No. 1913 Case No. 2022-02772 

[*1]The People of the State of New York, Respondent,
v
Lashar Williams, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Laura Mae Mcfeely of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Miriam R. Best, J.), rendered May 31, 2022, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a term of three years, followed by two years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see generally People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses our review of his request that we exercise our interest of justice jurisdiction to grant him youthful offender status or, in the alternative, to reduce his term of postrelease supervision (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Wilson, 306 AD2d 212 [1st Dept 2003], lv denied 100 NY2d 646 [2003]). Even if we were to conclude that defendant did not validly waive his right to appeal, we find that youthful offender treatment would not be appropriate, in light of the violent nature of the crimes and his prior youthful offender adjudication in connection with a third-degree assault conviction,[FN1] and we perceive no basis for reducing the two-year term of postrelease supervision.
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024

Footnotes

Footnote 1: Defendant did not ask this Court to vacate his sentence and remand for resentencing.